IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JAMES JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 09-0304-CV-W-ODS |
| STATE OF MISSOURI, et al., | ) ) ) |
| Defendants. | ) |

## ORDER AND OPINION GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

Pending is Defendants State of Missouri and George Lombardi's Motion to Dismiss (Doc. # 4). Defendants' motion is granted in part and denied in part.

Plaintiff James Johnson, a former employee of the Missouri Department of Corrections, filed this action against Defendants State of Missouri and George Lombardi, Director of the Missouri Department of Corrections, alleging employment discrimination. Johnson's complaint seeks damages and injunctive relief under 42 U.S.C. § 1983; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; and the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 *et seq.*[1]

Defendants filed a motion to dismiss raising the following defenses: (1) qualified immunity; (2) Eleventh Amendment immunity; (3) failure to exhaust administrative remedies; and (4) failure to state a claim upon which relief can be granted.

---

[1] The introduction to Johnson's complaint also cites to the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010 *et seq.* However, in stating his claims, Johnson fails to assert a right to relief under this statute.

### (1) Qualified Immunity

Neither the State of Missouri nor Lombardi can claim qualified immunity as a defense. This is because qualified immunity is not available to government entities or government officials sued in their official capacity. "[I]mmunity only extends to claims against government employees sued in their *individual* capacities. [Citations omitted.]" (Emphasis added.) *VanHorn v. Oelschlager*, 502 F.3d 775, 778-79 (8th Cir. 2007). Moreover, the Eighth Circuit "strictly enforce[s]" the requirement that individual capacity claims be clearly-pleaded. *Murphy v. State of Ark.*, 127 F.3d 750, 755 (8th Cir. 1997). Here, Plaintiff's suit against Lombardi is an official capacity suit because Plaintiff failed to specify in his complaint that he was suing Lombardi in his individual capacity. Accordingly, the defense of qualified immunity is not available to Defendants.

### (2) Eleventh Amendment Immunity

"The Eleventh Amendment [citation omitted] provides states with immunity from suit by private citizens in federal court seeking 'retroactive relief for violations of federal law that would require payment of funds from a state treasury.'" *U.S. v. Missouri*, ___ F.3d ___, ___, 2009 WL 2356853, at *2 (8th Cir. 2009) (quoting *Skelton v. Henry*, 390 F.3d 614, 617 [8th Cir. 2004]). In certain circumstances Congress has abrogated the states' Eleventh Amendment immunity. Congress did so by enacting Title VII of the Civil Rights Act. *See Okruhlik v. University of Arkansas ex rel. May*, 255 F.3d 615, 622-27 (8th Cir. 2001). As a result, Johnson's claim for damages under Title VII is not barred by the Eleventh Amendment.

In contrast, Congress' enactment of 42 U.S.C. § 1983 and the Title I of the ADA (which prohibits employment discrimination on the basis of disability) did not abrogate the states' Eleventh Amendment immunity. *Klingler v. Director, Dept. of Revenue, State of Mo.*, 455 F.3d 888, 893 (8th Cir. 2006) (ADA); *Hadley v. North Arkansas Community Technical College*, 76 F.3d 1437, 1438 (8th Cir. 1996). Accordingly, Johnson's claims for damages under these statutes is precluded by the Eleventh Amendment.

Nevertheless, the Eleventh Amendment generally does not bar claims for prospective injunctive relief against public officials in their official capacities. *Serna v. Goodno*, 567 F.3d 944, 952 (8th Cir. 2009). Here, Johnson's complaint requests the Court to "[o]rder Defendant to correct all records . . . and to destroy all records" that are inconsistent with such relief.[2] Inasmuch as this request for injunctive relief is directed at Lombardi in his official capacity, the claim is not barred by the Eleventh Amendment and can be asserted under 42 U.S.C. § 1983 and Title I of the ADA.[3]

*(3) Exhaustion*

To initiate a claim under Title VII, a party must timely file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and receive a right-to-sue letter. *Stuart v. General Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000). The complaint alleges that the Plaintiff received a right-to-sue letter from the EEOC on or about February 3, 2009.

In their motion to dismiss, Defendants contend that Plaintiff failed to exhaust his administrative remedies. In support of this assertion, Defendants contend Plaintiff "has not shown proof or evidence that he received a right to sue notice regarding his alleged EEOC charge." However, a court ruling on a motion to dismiss must accept all the plaintiff's factual allegations as true. *Great Plains Trust Co. v. Union Pacific R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007). Accordingly, this Court must accept as true Plaintiff's allegations regarding exhaustion, and Defendants' argument that Plaintiff failed to exhaust his administrative remedies is denied.

---

[2] Johnson's complaint also requests that the Court "[e]njoin Defendant permanently from discriminating or retaliating against Plaintiff in the future." However, since Johnson is no longer working for the Department of Corrections, there is no basis for the relief.

[3] In Plaintiff's Response in Opposition to Defendant's Motion to Dismiss (Doc. # 10), Plaintiff maintains that "reinstatement to his position" is relief that is available notwithstanding the Eleventh Amendment. However, Plaintiff failed to request reinstatement in his complaint.

*(4) Failure to State a Claim Upon Which Relief Can Be Granted*

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 [2007]). Moreover, civil rights pleadings are to be construed liberally. Nevertheless, a civil rights complaint "must contain facts which state a claim as a matter of law and must not be conclusory." *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). Furthermore,

> [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Here, Plaintiff alleges he is an African American male who previously engaged in EEOC activity and that Defendants subjected him to the following treatment:

    a.    Reprisal and hostile work environment because he filed complaints of racial discrimination against management and supervisors;

    b.    Refusal to allow Plaintiff to return to work due to perceived disability;

    c.    Termination;

d. Slander and damage to reputation.

Citing Title VII and 42 U.S.C. § 1983, Plaintiff asserts that Defendants' treatment of him was the result of intentional discrimination based on race and in retaliation for Plaintiff having complained of racial discrimination by supervisors. Citing the ADA, Plaintiff also maintains that Defendants' treatment of him was the result of intentional discrimination based upon his perceived disability.

Damage to reputation is an element of slander, which is an independent tort not subsumed within any of the statutory causes of action identified by Plaintiff. Accordingly, Plaintiff's claims based on his allegations of slander and damage to reputation fail to state a claim upon which relief can be granted and are dismissed. However, Plaintiff's remaining allegations give Defendants fair notice of the claims being asserted and the grounds upon which they rest. As a result, those claims are not subject to dismissal. *See Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir.1994) (ruling that hospital employee's allegation employer terminated her because of her color was sufficient to state Title VII claim); *see also Ring v. First Interstate Mortgage, Inc.*, 984 F.2d 924, 927 (8th Cir.1993) (prima facie case is evidentiary standard, which is not proper measure of whether complaint fails to state claim).

In sum, Plaintiff's claims under Title VII and 42 U.S.C. § 1983 that Defendants terminated him, refused to allow him to return to work, and subjected him to reprisal and a hostile work environment on account of his race and in retaliation for his previous EEOC activity survive Defendants' motion to dismiss. Likewise, Plaintiff's claims that Defendants terminated him, refused to allow him to return to work, and subjected him to reprisal and a hostile work environment on account of his perceived disability in violation of the ADA also survive Defendants' motion to dismiss. However, with respect to the § 1983 and ADA claims, Defendants' Eleventh Amendment immunity limits Plaintiff's available remedies under those statutes to injunctive relief ordering Defendant Lombardi

to correct all relevant records and to destroy any records inconsistent with the Court's judgment.

IT IS SO ORDERED.

                                      /s/ Ortrie D. Smith
                                      ORTRIE D. SMITH, JUDGE
DATE: September 10, 2009        UNITED STATES DISTRICT COURT