IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 09-0304-CV-W-ODS |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND OPINION GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT (DOC. 32)

Plaintiff was employed with the Kansas City Community Release Center. During his employment, Plaintiff filed with EEOC two charges of employment discrimination.

EEOC received the first charge on March 24, 2008. It alleged Plaintiff was accused of misconduct and received a 1-day suspension from his job because of his race (black) and because of prior discrimination complaints. EEOC received the second charge on September 29, 2008. It alleged Plaintiff's employer "changed [his] claim for Workers' Compensation . . . to an FMLA claim" because of Plaintiff's race "in violation of Title VII of the Civil Rights Act of 1964."

Plaintiff was terminated effective December 10, 2008. An EEOC investigator wrote Plaintiff a letter dated January 20, 2009. The letter discussed the evidence regarding Plaintiff's charges of discrimination, including Plaintiff's termination, and concluded it was unlikely Plaintiff's employer discriminated against him based on his race and/or in retaliation for reporting alleged discriminatory practices.

Plaintiff filed this action alleging he was subjected to a hostile environment, not permitted to return to work, and terminated based on his race and in retaliation for prior complaints of discrimination. Plaintiff also alleges he was subjected to a hostile environment, not permitted to return to work, and terminated based on perceived disability.

Defendants move for summary judgment, arguing Plaintiff failed to exhaust his

claims.  Defendants also argue the Court should not exercise jurisdiction because pending in state court is Plaintiff's request for judicial review of his administrative termination proceeding.  "Summary judgment . . . is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."  *Hunt v. Cromartie*, 526 U.S. 541, 549 (1999).

*Exhaustion*

To exhaust his administrative remedies, Plaintiff was required to give Defendants sufficient notice of his discrimination claims by filing a charge of discrimination with EEOC.  *See Russell v. TG Missouri Corp.*, 340 F.3d 735, 748 (8th Cir. 2003); *Stuart v. General Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000) (citation omitted).  "The reason for requiring the pursuit of administrative remedies first is to provide the EEOC with an initial opportunity to investigate allegations of employment discrimination and to work with the parties toward voluntary compliance and conciliation."  *Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005) (citation omitted).

Defendant Lombardi, the Director of the Department of Corrections, argues he did not receive notice of Plaintiff's administrative charges.  Since Lombardi is being sued in his official capacity, the question is not whether Lombardi received notice, but whether *DOC* received notice.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).  Plaintiff named Kansas City Community Release Center in his charges, and the Release Center is "operated by the Department of Corrections."  *State v. Dailey*, 53 S.W.3d 580, 586 (Mo. Ct. App. 2001).  DOC received sufficient notice of Plaintiff's administrative charges.

Defendants next argue Plaintiff failed to exhaust his claims of discrimination based on perceived disability.  Plaintiff contends he raised perceived disability in his September 2008 charge by alleging his employer "changed [his] claim for Workers' Compensation . . . to an FMLA claim."  But this charge claims the discrimination was based on race "in violation of Title VII," not perceived disability.  And Plaintiff checked the "RACE" box in the section of the form captioned "DISCRIMINATION BASED ON";

2

he did not check the "DISABILITY" box.  Plaintiff's argument he claimed discrimination based on perceived disability in his September 2008 charge is without merit.

Plaintiff also faults EEOC staff for not including all the allegations he raised with them when they drafted the forms, implying he raised the perceived disability claim when he spoke with EEOC.  Plaintiff filed an affidavit stating that when he spoke with the EEOC investigator about filing his FMLA-related charge, he "believed that the employer's refusal to allow me to work was treating me as 'disabled.'"  But Plaintiff notably does not state he *told* the investigator he believed he was being treated as disabled when he spoke to him or her.  *Cf. Cobb v. Stringer*, 850 F.2d 356, 360 (8th Cir. 1988) (holding plaintiff raised material factual issue whether initial visit to EEOC tolled filing requirement as to demotion where plaintiff's affidavit stated she fully detailed to EEOC circumstances of demotion during initial visit).  And by signing the form once it was completed, Plaintiff approved of the administrative charge as drafted–without the perceived disability claim.  There is no evidence Plaintiff alleged discrimination based on perceived disability when he filed his administrative charges.  Plaintiff failed to exhaust this claim.

Defendants last argue Plaintiff failed to exhaust his claims that Defendants discriminated against him by refusing to permit him to return to work and terminating him.  Plaintiff's claims relate to his FMLA administrative charge, and the scope of the actual investigation into this charge included the alleged discriminatory acts of refusing to allow Plaintiff to return to work and termination.  In discussing the evidence of this charge in her letter to Plaintiff, the EEOC investigator wrote Plaintiff was absent from work for reported health reasons in 2007-2008, when he claimed to have filed a workers compensation claim.  Plaintiff was not approved for workers compensation, and after his FMLA leave expired, he failed to return to work and was terminated.  Plaintiff states in his affidavit that he was willing to return to work per his physician's restrictions, but his employer would only allow employees to work under limited or light duty if they had been approved for workers compensation.

Because EEOC actually investigated Plaintiff's failure to return to work and termination, the purpose of requiring exhaustion of these claims was satisfied.  *See*

3

*Parisi*, 400 F.3d at 585. Plaintiff exhausted his claims that Defendants refused to permit him to return to work and terminated him based on his race.[1]

*Federal Jurisdiction and Abstention*

Mo. Ann. Stat. § 36.390.5 provides a terminated executive branch employee may appeal in writing to the administrative hearing commission on the basis that the employee's dismissal "was for political, religious, or racial reasons, or not for the good of the service." Mo. Ann. Stat. § 36.390.8 provides either party the right to appeal a final decision of the administrative hearing commission to the circuit court.

Defendants contend the *Rooker-Feldman* doctrine applies because Plaintiff is appealing his termination under § 36.390.8. But since there has not been a state court judgment, the *Rooker-Feldman* doctrine does not apply. *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).

Defendants also contend *Younger* abstention applies. *Younger* abstention requires, in part, that Plaintiff have "an adequate opportunity to raise any relevant federal questions in the state proceeding." *Plouffe v. Ligon*, 606 F.3d 890, 892 (8th Cir. 2010). But judicial review of Plaintiff's termination will be limited to issues Plaintiff raised in the administrative proceeding. *See SGOH Acquisition Inc. v. Missouri Dept. of Mental Health*, 914 S.W.2d 402, 406 (Mo. Ct. App. 1996). Defendants have not established Plaintiff will have an adequate opportunity to raise any relevant federal questions in the state proceeding. Defendants have not established *Younger* abstention applies.

---

[1] Since EEOC actually investigated Plaintiff's claims, the Court does not need to determine whether Plaintiff's claims may be deemed exhausted under the "'reasonably related'" exception to the exhaustion doctrine, which requires courts to gauge the "'the scope of the EEOC investigation which could reasonably be expected to grow out of the charge.'" *Wedow v. City of Kansas City, Mo.*, 442 F.3d 661, 672-74 (8th Cir. 2006) (citation omitted).

*Conclusion*

Defendants are granted summary judgment on Plaintiff's claim of discrimination based on perceived disability. Plaintiff's claim that he was subjected to reprisal and a hostile work environment because of his race and in retaliation for prior complaints of discrimination remains pending.[2] Plaintiff's claims Defendants terminated him and refused to allow him to return to work because of his race and in retaliation for prior complaints of discrimination also remain pending.[3]

IT IS SO ORDERED.

                                      /s/ Ortrie D. Smith
                                      ORTRIE D. SMITH, JUDGE
DATE: November 30, 2010            UNITED STATES DISTRICT COURT

---

[2] Defendants did not argue Plaintiff failed to exhaust his reprisal and hostile work environment claims.

[3] Defendants did not argue Plaintiff failed to exhaust his claims that Defendants refused to permit him to return to work and terminated him in retaliation for prior complaints of discrimination. EEOC's letter to Plaintiff indicates the actual investigation into his charges included whether Defendants retaliated against him.

5